UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth R. Jones, | Case No. 22-cv-1872 (KMM/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Jeffrey Fikes, | |
| Respondent. | |

This matter is before the Court on Petitioner Kenneth Jones's Petition for a Writ of Habeas Corpus, filed under 28 U.S.C. § 2241. Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation (R&R) on August 23, 2022, recommending that Mr. Jones's habeas petition be dismissed without prejudice. [R&R, ECF No. 4, at 5.] Mr. Jones objects to the conclusions in the R&R. [Objection, ECF No. 5.] For the reasons set forth below, the Court overrules Mr. Jones's Objections, accepts the R&R, and dismisses Mr. Jones's habeas petition.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Mr. Jones pleaded guilty to two counts of transportation in interstate commerce for illegal sexual activity by coercion and enticement, in violation of 18 U.S.C. § 2422(a), and one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a) and

1

(b)(2). *See United States v. Jones*, No. 2:17-CR-4024 (SRB), Dkt. No. 47 (W.D. Mo. Aug. 26, 2021) (Plea Agreement). The parties jointly recommended that Mr. Jones be sentenced to 180-months in prison, and the Court imposed that sentence. *Id.*, Plea Agreement ¶ 7; *id.*, Dkt. No. 66 (Judgment & Commitment).

Mr. Jones later returned to the Western District of Missouri and challenged the legality of his conviction and sentence through a 28 U.S.C. § 2255 motion, which the court denied. *Id.*, Dkt. No. 101 (Order). Mr. Jones argued that his counsel provided ineffective assistance because, among other reasons, his attorney did not review the plea agreement with him. The court rejected this argument, remarking that Mr. Jones had testified that he reviewed the plea agreement with counsel while under oath at his change-of-plea hearing. *Id.* at 6–7. He also raised a claim that his conviction and sentence were unlawful because of a defect in the indictment. Specifically, Mr. Jones argued that the indictment erroneously stated that the mandatory minimum for the charge under 18 U.S.C. § 1591(b)(2) was 15 years, when in reality the mandatory minimum is 10. He argued that if this error had not been present in the indictment, he would not have pled guilty, but the court disagreed. The court explained that at the change-of-plea hearing, the error in the indictment was addressed, the correct mandatory minimum of 10 years was discussed, and Mr. Jones stated that he understood the range of punishment. *Id.* at 7–9.

When Mr. Jones filed his habeas petition in this case, he argued that the defect in his indictment regarding the mandatory minimum violated his due process rights and influenced his decision to plead guilty. [Pet. at 3 (Ground One), ECF No. 1.] He also asserted that the prosecutor engaged in misconduct by allowing him to believe that the

mandatory minimum for the § 1591(b)(2) charge was 15 years, and that his own attorney misled him about the time he was potentially facing.[1] [*Id.* (Ground Two).] The R&R concluded that the Court lacks jurisdiction over Mr. Jones's petition. Judge Wright explained that a § 2255 motion is the exclusive remedy for challenging the legality of a conviction and sentence and the claims Mr. Jones raised in his petition do not fall within the saving clause of § 2255(e) "because he presented the claims through his motion under § 2255, and those claims were rejected on the merits." [R&R at 2–4.]

In his objection, Mr. Jones asserts that he did not intend to renew arguments made in his § 2255 motion regarding an error in the indictment in his present habeas petition. [Objection at 1.] Rather, he meant to demonstrate how his attorney was ineffective. [*Id.*] Based on the Court's careful review, petitioner's objections are overruled.

"An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by [the § 2255] motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). This provision is commonly known as the "savings clause," but the Eighth Circuit has recently referred to it as the "saving clause." *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021) (citing "Saving Clause," *Garner's Dictionary of Legal Usage* 797 (3d. ed. 2011)), *certiorari granted*, 142 S. Ct. 2706 (May 16, 2022). A petitioner seeking to invoke the

---

[1] In construing Mr. Jones's habeas petition, the R&R reasonably focused on the assertion in Ground Two that Mr. Jones was misled by the prosecutor, given that Mr. Jones gave Ground Two the heading "Prosecutor Misconduct." But in light of Mr. Jones's objection and because his *pro se* petition should be given a liberal construction, this Court will treat the petition as having also raised a claim of ineffective assistance of counsel based on failure to properly review and advise him about the range of punishment he faced.

saving clause must show that he "had no earlier procedural opportunity to present [his] claims." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004).

As the R&R correctly explained, "§ 2255 exists to funnel claims for collateral relief through the courtroom where the criminal litigation unfolded." [R&R at 4 (citing *United States v. Hayman*, 342 U.S. 205, 211-16 (1952)).] Here, Mr. Jones presented his ineffective assistance claim in his § 2255 motion, and the sentencing court rejected that claim. *Jones*, No. 2:17-CR-4024 (SRB), Dkt. No. 101. Even were the Court to credit that the claim of ineffective assistance in his habeas petition somehow differs from the arguments Mr. Jones raised in his § 2255 motion, he had an adequate procedural opportunity to present his claims. *Abdullah*, 392 F.3d at 963. The R&R properly relied upon the binding caselaw demonstrating that Mr. Jones cannot revive his ineffective assistance claim through a habeas petition after he was afforded an adequate procedural opportunity through a § 2255 motion. [R&R at 3–5.] Therefore, the Court agrees with the R&R's recommendation that this Court lacks jurisdiction over Mr. Jones's habeas petition.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 4] is **ACCEPTED**.
2. Petitioner's Objections [ECF No. 5] are **OVERRULED**.
3. Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 11, 2023

4

     *s/Katherine Menendez*
Katherine Menendez
United States District Judge